IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

QUINTEN L. JACKSON,

    Plaintiff,

    v.                         CIVIL NO.: WDQ-10-0182

HAGERSTOWN TASK FORCE, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

    Quinten L. Jackson sued the Hagerstown Task Force and Julie Lloyd, John Kreigh, Todd Kerns, and Darryl Sanders[1] under 42 U.S.C. § 1983.[2] For the following reasons, the defendants' motions to dismiss will be granted.

I.    Background[3]

    On June 4, 2009, Diane Jarvis reported to the Hagerstown Police Department that Jackson had stolen her car. Paper No. 7 at 4.[4] That day, an arrest warrant for the theft was issued for Jackson. *Id.*

---

[1] The Clerk will amend the docket to reflect the full names of defendants Julie Lloyd and John Kreigh.

[2] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010).

[3] For the motion to dismiss, the well-pled allegations in Jackson's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In reviewing the motion for summary judgment, Jackson's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[4] Jackson asserts that the car was "legally in his name," and contained $1500 worth of personal property. Compl. ¶ 2.

On June 10, 2009, ten unknown law enforcement officers (the "Hagerstown Task Force"[5]) stopped and searched Jackson's car for drugs. Compl. ¶ 2.[6] Jackson asserts that they "detain[ed him] at gun point." Supp. Compl. 4. After Jackson was taken to the Washington County Sheriff's Office, Officer John Kreigh served the June 4, 2009 arrest warrant on him. Paper No. 7 at 4. On August 18, 2009, Jackson was convicted of the car theft. Supp. Compl. 4.

On February 22, 2010, Sergeants Todd Kerns and Darryl Sanders, and Kreigh, told Jackson that there was no record that the Hagerstown Task Force had detained him at gun point. *Id.* That day, Julie Lloyd, a records/switchboard operator, gave Jackson a report number. *Id.* The report revealed that Kreigh had arrested Jackson on June 10, 2009. *Id.*

On January 21, 2010, Jackson sued the Hagerstown Task Force for "racial disparities" and "deprivat[ion] of constitutional amendments." On February 25, 2010, Jackson filed a *pro se* complaint against Kerns, Sanders, Lloyd, and Kreigh under 42 U.S.C. § 1983. Supp. Compl.[7] On April 5, 2010, the Hagerstown Task Force, Lloyd, and Kreigh moved to dismiss or, in the alternative, for summary judgment. Paper No. 7. On April 13, 2010, Jackson opposed that motion. Paper No. 9. On April 15, 2010, Kerns and Sanders moved to dismiss. Paper No. 11.

---

[5] Jackson appears to be referring to the Washington County Narcotics Task Force, which is "comprised of members from the Hagerstown Department of Police and the Washington County Sheriff's Department." Narcotics Task Force, http://www.hagerstownmd.org/police/narcotics.asp (last visited Oct. 27, 2010).

[6] Jackson asserts no drugs were found. Compl. ¶ 2.

[7] The complaint contains a Freedom of Information Act request for the names of the officers

II. Analysis

   A. Standard of Review

      1.      Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "'show'" the plaintiff is entitled to relief. *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the

---

involved in the June 10, 2009 stop. Supp. Compl. 5.

pleader is entitled to relief." *Id*. (third alteration in original) (citation and internal quotation marks omitted). The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. Summary Judgment

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr*., *Inc*., 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

4

B. § 1983 Claims

Under 42 U.S.C. § 1983, a plaintiff may bring a civil action to redress constitutional violations. To state a claim under § 1983, the plaintiff must allege that the defendant violated his constitutional rights while acting under the color of state law. *West v. Atkins*, 47 U.S. 42, 48 (1988). The defendant must have "acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 929 (4th Cir. 1977) (claim dismissed because plaintiff did not allege a "personal connection" between his constitutional rights violation and the defendant).

1. Hagerstown Task Force's Motion to Dismiss or, in the Alternative, for Summary Judgment

A plaintiff may only sue an entity that has the capacity to be sued. Fed. R. Civ. P. 17(b). The Hagerstown Task Force is made up of members of the "Hagerstown Department of Police and the Washington County Sheriff's Department."[8] It appears to be an administrative unit under the Chief of the Hagerstown Police Department.[9] If it were a full-fledged agency of the Police or Sheriff's Department, it would not be subject to suit; police departments and county government agencies may not be sued because they are not "independent governmental entities." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989); *Tani v. St. Mary's County*, No. CCB-07-1924, 2008 WL 1990772, at *1 (D. Md. Mar. 31, 2008).[10] Accordingly,

---

[8] Narcotics Task Force, http://www.hagerstownmd.org/police/narcotics.asp (last visited Oct. 27, 2010).

[9] Administration, http://www.hagerstownmd.org/police/administration.asp (last visited Oct. 27, 2010).

[10] *See, e.g.*, *Revene*, 882 F.2d at 874 (4th Cir. 1989) ("Office of Sheriff" could not be sued

5

the Hagerstown Task Force's motion to dismiss must be granted.

    2.    Kreigh and Lloyd's Motion to Dismiss or, in the Alternative, for Summary Judgment

Jackson has not alleged that Kreigh or Lloyd was involved in the June 10, 2009 car stop. Kreigh arrested Jackson on the car theft charge while he was in custody at the Washington County Sheriff's Office. Paper No. 7 at 4. Jackson has not alleged that either Kreigh or Lloyd violated his constitutional rights or had any "personal connection," *Vinnedge*, 550 F.2d at 928, with the car stop, *see* Compl. ¶ 2. Because Jackson has failed to state a claim under § 1983, Kreigh and Lloyd's motion to dismiss must be granted.

    3.    Kerns and Sanders's Motion to Dismiss

Jackson does not contend that Kerns or Sanders took part in the June 10, 2009 stop. He asserts that on February 22, 2010, they told him there was no record of him being forcefully detained by the Hagerstown Task Force. Supp. Compl. 4. Because Jackson has not alleged that Kerns or Sanders was involved in the stop or otherwise "personally depriv[ed]" him of his constitutional rights, *West v. Atkins*, 47 U.S. at 48; *Vinnedge*, 550 F.2d at 928, he has not stated a § 1983 claim. Accordingly, Kerns and Sanders's motion to dismiss must be granted.[11]

    4.    Freedom of Information Act Request

Jackson's complaint contains a Freedom of Information Act ("FOIA") request for the

---

because it was "simply an agency" of the county government); *Strebeck v. Balt. Cty. Police Dept.*, No. JFM-05-2580, 2005 WL 2897932, at *1 (Oct. 17, 2005) (Baltimore County Police Department incapable of being sued).

[11] If Jackson seeks damages under § 1983 because he believes his car theft conviction was unconstitutional, his conviction must first be invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). Jackson has not alleged that his conviction has been reversed, expunged, or

names of the officers involved in the June 10, 2009 stop. Supp. Compl. 5. FOIA (1) allows a citizen to obtain documents from federal agencies, and (2) grants the federal district courts jurisdiction to review agency compliance with those requests. 5 U.S.C. § 552. None of the defendants works for a federal agency subject to FOIA. Jackson must pursue relief under Maryland's Public Information Act in the appropriate state forum. *See* Md. Code Ann., State Gov't §§ 10-611 *et seq.*

III.  Conclusion

For the reasons stated above, the motions to dismiss of the Hagerstown Task Force, Lloyd, Kreigh, Kerns, and Sanders will be granted.

October 28, 2010                                       _____/s/_____
Date                                                               William D. Quarles, Jr.
                                                                   United States District Judge

---

invalidated.